**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES PHILLIPS,

      Plaintiff - Appellant,

v.

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

      Defendant - Appellee.

No. 02-2197
D.C. No. CIV-02-817-JP/LCS
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **O'BRIEN**, Circuit Judges.

James Phillips appeals pro se from the district court's sua sponte dismissal

under Fed. R. Civ. P. 12(b)(6) of his Title VII complaint. We exercise

jurisdiction pursuant to 28 U.S.C. § 1291. Because we conclude that it is patently

obvious that Phillips could not prevail on the facts alleged, we affirm.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

On July 8, 2002, Phillips filed a "Notice to File Charge of Discrimination," in which he alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 to -3.  In his "Notice," Phillips alluded to several violent incidents involving his supervisor, Larry Henderson, including:  (1) an incident in which Henderson allegedly kicked a shop door open, striking Phillips; (2) an incident in which Henderson allegedly used a company pickup in an attempt to "run him down"; and (3) an incident in which Henderson allegedly used a company bicycle to attempt the same.  (1 R. Doc. 1 at 1–2.)  Concluding that Phillips's Notice, as drafted, failed to make allegations sufficient to support a Title VII claim, the district court dismissed Phillips's Notice sua sponte, and without prejudice.

We review the district court's Rule 12(b)(6) ruling de novo.  See Chem. Weapons Working Group, Inc. v. U.S. Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997).  We construe a pro se plaintiff's pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "[a]ll reasonable inferences must be indulged in favor of the plaintiff . . . ."  Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).

Dismissals under Rule 12(b)(6) typically follow a motion to dismiss, which gives the plaintiff notice and an opportunity to amend his complaint.  Nevertheless, in this circuit, sua sponte dismissal of a meritless complaint that

cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts. Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001). A sua sponte dismissal under Rule 12(b)(6) is not reversible error when: (1) it is "patently obvious that the plaintiff could not prevail on the facts alleged"; and (2) "allowing [the plaintiff] an opportunity to amend his complaint would be futile." McKinney v. State of Okla. Dep't of Human Servs., 925 F.2d 363, 365 n.1 (10th Cir. 1991).

Having reviewed Phillips's Notice, we conclude that Phillips has made no allegation that would support a Title VII claim. Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Phillips's Notice lacks even the faintest suggestion that his treatment by his employer is in any way related to his membership in a protected group. Thus, Phillips's Notice, as currently drafted, is inadequate to raise a claim of disparate treatment discrimination under § 2000e-2. Phillips also states that he fears to report all of the incidents because his employer would "use this against [him] and threaten [him] with termination" (1 R. Doc. 1 at 2), which the district court construed to be a claim for retaliatory discrimination under Title VII. We agree with the district court that Phillips's Notice, as currently drafted, fails to allege any protected activity that would constitute a basis for a retaliatory discrimination claim under 42 U.S.C. § 2000e-3.

The district court did not address whether allowing Phillips to amend his complaint would be futile, nor did it give Phillips notice and an opportunity to remedy the defect in his complaint. Phillips has not suggested on appeal, however, how his Notice might have been amended to state a claim under Title VII had he been given the opportunity. While we construe a pro se plaintiff's pleadings liberally, we "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989). Because Phillips's Notice was dismissed without prejudice, no real disadvantage has come to Phillips as a result of the sua sponte dismissal and his due process rights and right of access to the courts are not implicated. See Curley, 246 F.3d at 1284. Should he have a good faith basis to do so, Phillips is free to file another complaint.

For the forgoing reasons, the judgment of the district is **AFFIRMED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

PER CURIAM

**02-2197, Phillips v. Public Service Company of New Mexico**

**LUCERO**, Circuit Judge, Dissenting.

In <u>McKinney v. State of Okla. Dep't of Human Servs.</u>, we held that a sua sponte dismissal under Rule 12(b)(6) is not reversible error when: (1) it is "patently obvious that the plaintiff could not prevail on the facts alleged"; and (2) "allowing [the plaintiff] an opportunity to amend his complaint would be futile." 925 F.2d 363, 365 n.1 (10th Cir. 1991). In <u>Curley v. Perry</u>, we similarly noted that a "sua sponte dismissal of a meritless complaint <u>that cannot be salvaged by amendment</u> comports with due process and does not infringe the right of access to the courts." 246 F.3d 1278, 1284 (10th Cir. 2001) (emphasis added). In the instant case, we have no idea whether Phillips's complaint could have been salvaged by amendment because the district court failed to address the issue. It would not take a substantial effort for the district court to make the inquiry required by <u>McKinney</u>. I think this would be the better practice. While it is not my place to speculate as to whether Phillips could have, in good faith, amended his pleadings to state a claim under title VII, the record on appeal does reveal that Phillips is a member of a protected class of persons, African-Americans, indicating that it is not facially obvious that allowing him to amend his complaint would have been futile. It is true that Phillips is not barred from filing a new complaint, given that his Notice was dismissed without prejudice. However, the

time and expense involved in forcing litigants to file new lawsuits, should they have a good faith basis to do so, can be obviated by the approach we established in McKinney. This approach strikes a balance between a district court's legitimate need to be able to dispense with patently defective or frivilous complaints in an expeditious manner and the fact that "[s]ua sponte dismissals are strong medicine, and should be dispensed sparingly." Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (quotation omitted). It is especially important to uphold this balance when dealing with pro se litigants, who are generally "to be given reasonable opportunity to remedy defects in their pleadings." Hall v. Bellmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

For these reasons, I respectfully dissent.